FILED

OCT 1 8 2013

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. LONG, | ) | CIV. 12-4060-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING MOTION FOR |
| CAROLYN W. COLVIN, Commissioner | ) | ATTORNEY'S FEES |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Michael A. Long, moved for reversal of the Commissioner of Social Security's decision denying his application for social security disability insurance (SSDI) benefits under the Social Security Act. The court reversed and remanded the Commissioner's decision denying benefits. Long now seeks an award of $11,342.25 in attorney's fees and $680.54 in expenses pursuant to the Equal Access to Justice Act. The Commissioner objects to the motion. The court grants Long's motion for attorney's fees.

## DISCUSSION

### I.    Substantially Justified

Under the Equal Access to Justice Act, the prevailing party in a proceeding for judicial review of federal agency action is entitled to legal fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In this context, "substantially justified" means "justified to a

degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The standard is whether the Commissioner's position is well founded in law and fact, "solid though not necessarily correct." *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The government bears the burden of proving that the denial of benefits was substantially justified. *Id.* (citing *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)).

"[T]he most powerful indicator of the reasonableness of the government's position is the rationale of the court's majority opinion in the first appeal." *Lauer*, 321 F.3d at 765. This court's June 12, 2013, opinion found that the ALJ failed to consider Long's excessive absenteeism (51 days during a one-year time period) for medical care and treatment during the relevant time period in determining whether Long was capable of working on a regular and continuing basis. Excessive absenteeism caused by a claimant's impairment has been recognized by the Eighth Circuit as a factor that needs to be considered since at least 1998. *See Baker v. Apfel*, 159 F.3d 1140. 1146 (8th Cir. 1998). Because excessive medical absenteeism has been recognized as a factor that needs to be addressed for over a decade, the court finds that neither the ALJ's nor the Commissioner's position in this case was well founded in law and fact. *See Lauer*, 321 F.3d at 764. Accordingly, the government's position was not substantially justified, and Long is entitled to attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

## II.   Number of Hours Expended

The Commissioner objects to the number of hours billed by Long's attorney. "The most useful starting point for determining the amount of a reasonable fee is the number of hours *reasonably expended* on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added). Here, the government does not dispute the attorney's hourly rate of $177.50. Instead, the government disputes the number of hours the attorney claims were expended, namely 63.9 hours.

In defending the number of hours claimed, Long's attorney made several observations the court finds relevant. The attorney has represented over 200 clients in social security cases in federal court over the past 34 years. Docket 17-1, at 2. This case involved a 1,013-page record and the attorney did not represent the client during the earlier proceedings. Docket 20 at 4. Long's initial brief was 51 pages. The opening brief had an extensive and well organized summary of Long's medical history.

The court has reviewed the billing records and finds that 63.9 hours is reasonable at a rate of $177.50 per hour, for a total amount of $11,342.25 for attorney's fees. The court also finds that an award of $680.54 for costs (sales tax) is reasonable. Thus, the court finds that Long is entitled to a total attorney's fee award of $11,342.25 and sales tax of $680.54.

## CONCLUSION

Accordingly, it is

ORDERED that Long's motion for attorney's fees, expenses, and costs (Docket 16) is granted. Long is awarded $11, 342.25 in attorney fees and $680.54 representing 6 percent state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act.

The costs will be paid from the United States Department of Justice Judgment Fund.

IT IS FURTHER ORDERED that the administration will issue the check to plaintiff's counsel because that will permit electronic deposit of funds.

Dated October 18, 2013.

BY THE COURT:

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE